Filed 11/4/22  P. v. Sumpter CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILLIAM OLIVER SUMPTER JR.,<br><br>    Defendant and Appellant. | D080794<br><br><br><br>(Super. Ct. No. INF1303258) |

APPEAL from an order of the Superior Court of Riverside County, Judith C. Clark, Judge.  Affirmed.

Defendant William Oliver Sumpter Jr. appeals an order summarily denying his petition for resentencing under former Penal Code[1] section 1170.95.[2]

---

[1]     All further statutory references are to the Penal Code.

[2]     Former section 1170.95 was renumbered as section 1172.6 without substantive change on June 30, 2022. (Stats. 2022, ch. 58, § 10.)  Consistent with that change, we hereafter refer to that statute as section 1172.6.

In October 2015, a jury found Sumpter guilty of attempted murder with premeditation and deliberation (§§ 664, 187, subd. (a)) and found true allegations that in committing that offense he inflicted great bodily injury (§ 12022.7, subd. (b)) and personally used a firearm (§ 12022.5, subd. (a)). In December 2015, the trial court sentenced Sumpter to a term of seven years to life in prison for his attempted murder offense, a consecutive term of five years for the section 12022.7, subdivision (b) enhancement, and a consecutive term of four years for the section 12022.5 enhancement.

In his appeal challenging his conviction, we affirmed the judgment. (*People v. Sumpter* (Feb. 22, 2018, D073118) [nonpub. opn.] (*Sumpter I*).)

On April 21, 2022, Sumpter filed a petition for resentencing under section 1172.6. The court then appointed counsel to represent Sumpter. On July 22, the court summarily denied his petition. Sumpter timely filed a notice of appeal, challenging the order denying his section 1172.6 petition. On September 8, 2022, Sumpter filed a request that we take judicial notice of our opinion in *Sumpter I*, as well as the jury instructions and verdict forms from his trial record.[3]

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating that counsel has not been able to identify any arguable issues for reversal of the order denying the section 1172.6 petition. Counsel requests the court to review the record for error as mandated by *Wende*. To assist the court in its review, and in compliance

---

[3] On October 3, 2022, we issued an order stating that we would consider Sumpter's request for judicial notice concurrently with his appeal. We now grant his request and take judicial notice of our opinion in *Sumpter I* and the jury instructions and jury verdicts from his trial record. (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a).)

with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has submitted a possible issue that was considered in evaluating the merits of this appeal: Did the trial court prejudicially err by denying the petition at the prima facie stage? We offered Sumpter the opportunity to file his own brief on appeal and he has submitted a supplemental brief.

In his supplemental brief, Sumpter reasserts arguments that he made, and we rejected, in *Sumpter I.* He also argues that the jury actually intended to convict him of a lesser offense and that the trial court erred in sentencing him. We have reviewed his supplemental brief, but do not find it raises any arguable issues for reversal of the July 22, 2022 order denying his section 1172.6 petition on this record.

We have reviewed the entire record as required by *Wende* and *Anders.* We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Sumpter on this appeal.

### DISPOSITION

The order denying Sumpter's petition for resentencing under now renumbered section 1172.6 is affirmed.

HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


DO, J.